## COMMONWEALTH *vs.* CALEB B. TURNER.

The act of 1847, *c.* 166, which authorizes towns "to make all by-laws that may be necessary to preserve the peace, good order and internal police" therein, and to annex suitable penalties, &c., subject to the provisions of the Rev. Sts. *c.* 15, §§ 13, 14, 15, does not authorize the making of a by-law by any town, prohibiting the sale therein, by any person not duly licensed according to law, of "any strong beer, ale, or any other intoxicating liquor, in a less quantity than twenty-eight gallons, and that delivered and carried away all at one time."

THIS was a complaint, originally made before a justice of the peace, against the defendant, for selling strong beer contrary to a by-law of the town of Adams.

The defendant, being convicted by the justice, appealed to the court of common pleas; and, on the trial in that court, before *Ward*, J., requested the judge to direct an acquittal, on the ground, that the by-law was invalid on its face. This direction being refused, and the defendant convicted, he alleged exceptions.

The by-law in question was as follows:

Whereas, it appears to the inhabitants of the town of Adams, in town meeting assembled, that it is necessary, in order to preserve the peace, good order, and internal police of the town, that the sale of all intoxicating liquors within the same should be prohibited by law:

Therefore, it is resolved by said inhabitants, that if any person shall sell in the town of Adams any strong beer, ale, or any other intoxicating liquor, in a less quantity than twenty-eight gallons, and that delivered and carried away all at one time, unless he is first duly licensed by law to do the same, shall forfeit for each offence the sum of twenty dollars.

That each forfeiture incurred under the foregoing provision shall enure one half thereof to the use of the person or persons who shall complain and prosecute for the same, and the other half to the use of the county of Berkshire.

The district attorney stated to the court, that he did not deem it to be his duty to appear for the commonwealth, in cases of this description.

*J. T. Robinson,* for the commonwealth.

*H. W. Bishop & J. C. Wolcott,* for the defendant.

SHAW, C. J.    The by-law, the validity of which is drawn in issue in this prosecution, purports to be made under the authority of the statute of 1847, *c.* 166.    Under this authority, the town of Adams passed the by-law in question, imposing a penalty of $20 upon any person who should sell any strong beer, or other intoxicating liquor, in the town of Adams, in a less quantity than twenty-eight gallons.

The phraseology of the statute of 1847 varies but slightly from the corresponding provision of the Rev. Sts. *c.* 15.    It authorizes towns to make all by-laws that may be necessary to preserve the peace, good order and internal police.    The provision in the Rev. Sts. *c.* 15, § 13, is, that towns "may make all such by-laws, for directing and managing the prudential affairs of the town, as they shall judge most conducive to the peace, welfare and good order," &c.

The act of 1847 omits the qualifying words, "for directing and managing the prudential affairs of the town."    The argument is, that by omitting this limitation, by which the power of towns to make by-laws is restricted to cases affecting their prudential affairs, it was intended by the legislature to confer on towns a power of legislation, limited only by their judgment of what the peace, good order and internal police might render expedient.    This power would extend, under such a construction, to every department of the criminal law,

affecting the public peace; to assaults and batteries, to riots, routs and unlawful assemblies; to forcible entry and detainer; and to all offences involving a breach of the peace. It would also include all acts, which tend to disturb the peace, such as libel and slander; and would extend to the regulation of all places of public resort and amusement, at all times, and under all circumstances. If it were clear from the language used, that the legislature intended thus to delegate their whole power of legislation, on the subject of the criminal law, to towns, it would be a grave question, whether such an act would be within their constitutional authority. But we are satisfied, that such was not the intent of the legislature, in the act of 1847. If the legislature had designed to make so extensive an enlargement of the power of towns, it would have been in terms more explicit, that such purpose would have been expressed.

But further, this statute in terms gives towns the power to make by-laws, to be enforced by penalties, subject to the provisions of the Rev. Sts. *c.* 15, §§ 13, 14, 15. The power is given in general words; but the words are so general as to indicate, that some restriction as to reasonable limits was in the mind of the legislature; and that such restriction was intended to apply, with a just regard to the objects to be attained, and the subject matter on which it was to operate; that is, the power conferred was to be limited to such objects as are usually sought and attained by municipal by-laws. The provision, then, that this power should be subject to the Rev. Sts. *c.* 15, § 13, would limit the objects of it to the direction and management of the prudential affairs of a town; referring to the numerous provisions of law, usages, and judicial decisions, to show what the prudential affairs of a town are. *Comm'th* v. *Worcester*, 3 Pick. 462; *Willard* v. *Newburyport*, 12 Pick. 227; *Spaulding* v. *Lowell*, 23 Pick. 71.

But another consideration, quite decisive, we think, to show that the legislature did not intend to give the unlimited power contended for, is, that they used the term "by-law,' and gave

the power to make " by-laws." This term has a peculiar and limited signification; being used to designate the orders and regulations, which a corporation, as one of its legal incidents, has power to make, and which is usually exercised to regulate its own action and concerns, and the rights and duties of its members amongst themselves. This has been somewhat extended in the case of municipal and other *quasi* corporations; but a broad distinction has always been made between the authority of a corporation to make by-laws, and the general power of making laws. Had the legislature intended to grant to a town the power claimed for it, in the present case, we think they would have used the term "laws" and not " by-laws."

But whatever other power the legislature intended to confer, we are of opinion, that it did not warrant and give effect to the by-law adopted by the town of Adams, imposing a penalty on all persons for selling strong beer and other intoxicating liquors within the limits of that town, without a license. This is a legislative power, which has been exercised by the government from the earliest times, and at the time when this by-law was adopted, laws of the commonwealth were in force on the same subject, certainly as regards intoxicating liquors, and the by-law makes no distinction. We have not thought it necessary to consider how far the by-law in question is repugnant to the laws of the commonwealth, being of opinion that independently of that consideration, it can not be sustained.

*Exceptions sustained.*